UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT WILLIAMS,<br>     Plaintiff, | Case No. 1:19-cv-489<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| STEVEN WILLIAMS,<br>     Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate incarcerated at the Ross Correctional Institution, was granted leave to proceed *in forma pauperis* and to file the pro se complaint in this matter on July 23, 2019. (Docs. 3, 4). Summons were issued to defendant on that same date and were returned executed on August 5, 2019. (Docs. 6, 10). Defendant filed an answer to the complaint on August 23, 2019. (Doc. 8).

On January 30, 2020, plaintiff filed a document captioned "Explanation Sheet for Commercial Affidavit in Support of Commercial Lien," which the Court construed as a motion for default judgment. (Doc. 12). Defendant filed a response in opposition to the motion. (Doc. 15). Plaintiff subsequently filed a document captioned, "Writ Subpoena in Forma Pauperis," which the Court has construed as a motion for issuance of a subpoena. (Doc. 16). Plaintiff alleges in the motion that defendant is currently in default and plaintiff is in the process of having a "warrant" served on defendant pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for default judgment and related relief should be denied. Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the Court for a default judgment under subsection (b)(2). *Heard v.*

*Caruso,* 351 F. App'x 1, 15-16 (6th Cir. 2009) (before a party obtains a default judgment under Rule 55(b)(1) or (b)(2), there must be an entry of default by the clerk under Rule 55(a) (citing 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2682, at 13 (3d ed. 1998)). Plaintiff has not completed the first step under Rule 55(a) by obtaining an entry of default by the clerk. Further, plaintiff is not entitled to an entry of default and default judgment because defendant has not failed to plead or otherwise defend this case but has filed an answer.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motions for default judgment (Doc. 12) and "Writ Subpoena in Forma Pauperis" (Doc. 16) be **DENIED**.

Date: 5/8/2020

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ROBERT WILLIAMS,                       Case No. 1:19-cv-489
    Plaintiff,                             Cole, J.
                                             Litkovitz, M.J.

    vs.

STEVEN WILLIAMS,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).