UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT WILLIAMS,

      Plaintiff,                           Case No. 1:19-cv-489
                                            JUDGE DOUGLAS R. COLE
    v.                                    Magistrate Judge Litkovitz

STEVEN WILLIAMS,

      Defendant.

## OPINION AND ORDER

This cause comes before the Court on the Magistrate Judge's May 8, 2020, Report and Recommendation ("R&R") (Doc. 25) recommending that this Court deny Plaintiff Robert Williams' ("Williams") motion for default judgment (Doc. 12) and "Writ Subpoena in Forma Pauperis" (Doc. 16). The R&R advised both parties that a failure to object within the 14 days specified by the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* R&R, Doc. 25, #268). Within that two-week period, Williams filed what the Clerk's Office labeled as an objection to the R&R. In reality, though, the entirety of the "objection" was that Williams filed a scanned copy of the R&R, on which he wrote by hand:

    Litkovits – NEGATIVE AVERMENT (WRONG VENUE)
    Refused for Cause without
    Dishonor without bonafide
    signatures by Defendant
    (UCC 3-501)

and then included his signature underneath this message. (*See* Doc. 27).

Unfortunately, Williams' short, cryptic message does not clearly identify for the Court the part of the R&R to which Williams objects, nor the specific grounds for the objection. Federal Rule of Civil Procedure 72 requires objections to be "specific," and only obligates the District Court to conduct a de novo review of the "part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(2)–(3). An objection which is not "clear enough to enable the district court to discern those issues that are dispositive and contentious," is insufficient to trigger the need for an exhaustive de novo review of the Magistrate Judge's Report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). As a result, the Court is not obligated to conduct a de novo review.

Nevertheless, out of fairness to Williams, who is proceeding pro se, the Court conducts such a review. That does not change the outcome, however, as the Court agrees with the Magistrate Judge's assessment. It appears, for all intents and purposes, that Williams' "Explanation Sheet for Commercial Affidavit in Support of Commercial Lien" is, as the Magistrate Judge found, a motion for default judgment. (*See* Doc. 12). And, in Williams' "Writ Subpoena in Forma Pauperis," it appears, as the Magistrate Judge concluded, that he moves the Court for a subpoena pursuant to 42 U.S.C. § 1983 because the Defendant is supposedly currently in default in this lawsuit. (*See* Doc. 16; *see also* R&R at #266). The problem for Williams, though, is that he did not first ask for an entry of default from the clerk, as Federal Rule of Civil Procedure 55(a) requires as a prerequisite to a default judgment. Nor does it appear that the Defendant, who has filed an answer, is in default. Because the Defendant is

not in default, Williams is not entitled to a default judgment, nor to the issuance of the requested subpoena. (*See* R&R at #266–67).

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 25) and **DENIES** both Williams' motion for default judgment (Doc. 12) and "Writ Subpoena in Forma Pauperis" (Doc. 16).

**SO ORDERED.**

August 18, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**